ELEONORA KNOBLOCH *vs*. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

January 14, 1884.

**City Ordinance limiting Speed of Railroad Trains.** — To justify the courts in declaring a city ordinance, limiting the rate of speed of railroad trains and engines within the city, void, as in restraint of trade, its unreasonableness or want of necessity as a police regulation must be clear, manifest, undoubted, so as to be an abuse of discretion on the part of the council.

**Same—Ordinance Sustained.**—Facts considered and *held* not sufficient to justify declaring the ordinance void.

Appeal by defendant from a judgment of the municipal court of St. Paul, in an action for negligently running over and killing the plaintiff's cow at the crossing of Grace street, within the limits of that

city. The alleged negligence consisted in running the train by which the cow was struck at a speed of more than 15 miles an hour, in violation of the city ordinance quoted in the opinion, and the only question on this appeal was as to the validity of the ordinance.

*Bigelow, Flandrau & Squires,* for appellant, cited *Meyers* v. *Chicago, R. I. & Pac. R. Co.,* 7 Am. & Eng. R. Cas. 406, and cases cited.

*Hermon W. Phillips* and *Warren H. Mead,* for respondent, cited *Fritz* v. *First Div., etc., R. Co.,* 22 Minn. 404; *Shaber* v. *St. Paul, M. & M. Ry. Co.,* 28 Minn. 103; *Kelly* v. *St. Paul, M. & M. Ry. Co.,* 29 Minn. 1; *Faber* v. *St. Paul, M. & M. Ry. Co.,* Id. 465.

GILFILLAN, C. J. The only question presented by the appellant on this appeal is as to the validity of an ordinance of the city of St. Paul, as follows: "That no railroad company or corporation, or their agents or employes, shall run a locomotive or train of cars, or single car, within the limits of the city of St. Paul, at a greater speed than four miles per hour," etc. It is claimed that this is in restraint of commerce, and is therefore unreasonable and void. The facts relied on by appellant to show this, as affecting its line in question, (its short line between St. Paul and Minneapolis,) are: the length of the line is ten miles, of which between three and four miles is within the limits of the city of Minneapolis, (an ordinance of which restricts the speed to six miles an hour,) and three or four miles is within the city of St. Paul, leaving a space of country between the two cities of about three miles; that the running time between the ends of the line in the two cities is 30 minutes, or 20 miles an hour, and that citizens of each city are constantly applying to appellant to reduce the running time; that observance of the ordinances would increase it to more than one and one-half hours; that about 2,400 tons of freight pass over the line daily, and nearly half a million passengers passed over it in the year 1882; that, although the crossing where respondent's cow was killed is within the platted portion of the city, the surrounding country is similar to the open country out of the city, and the street similar to a common country road, there being no graded streets within three-quarters of a mile, and no house within a quarter of a mile, in the direction of the built-up portion of the city. The street seems to have been a good deal travelled.

We do not question the power of the courts to declare an ordinance of a municipal corporation void as in restraint of trade. The mere fact, however, that it operates to restrain trade will not justify such action; for proper police regulation and judicious care for the lives and property of citizens may require such ordinance, although it interferes in some measure with modes of transacting business. An ordinance limiting the speed of railroad trains through the most densely peopled parts, or across the most thronged streets, of a city interferes with the speedy transaction of business by railroads to the same extent as where it applies to the more sparsely settled portions, or in crossing less frequented streets; but no one would say that an ordinance controlling the speed through such densely peopled parts of the city, or across the busiest streets, is void as in restraint of trade. In addition to its effect in obstructing business, there is the question of its necessity or reasonableness as a proper police regulation. The determination, in the first instance, of that question has been committed by the legislature to the discretion and judgment of the common council. When they have exercised their discretion and judgment, and passed such an ordinance, it is *prima facie* valid. It must be apparent that, to justify a court in setting aside their action, its unreasonableness or want of necessity as a measure for the protection of life and property should be clear, manifest, undoubted, so as to amount, not to a fair exercise, but to an abuse, of discretion, or mere arbitrary exercise of the power of the council. *City of St. Paul* v. *Colter*, 12 Minn. 16, (41;) *City of Rochester* v. *Upman*, 19 Minn. 78, (108.) At this time, when it is much the fashion to include within the corporate limits of cities large tracts of surrounding country, there will undoubtedly be portions in which a restriction of the speed of trains to four miles an hour may be so manifestly unnecessary and unreasonable that a court may declare it void. Such was the case in *Meyers* v. *Chicago, R. I. & Pac. R. Co.*, 57 Iowa, 555; (S. C. 10 N. W. Rep. 896; 7 Am. & Eng. R. Cas. 406,) where the part of the city where the railroad ran was mere farm or agricultural lands inclosed with fences, and not laid out in streets.

The portion of the city in question here is different. It appears to be laid out in streets. Within a short distance of the crossing

in question there appears to be a considerable and rapidly increasing city population, and the street making the crossing is a good deal travelled. Only two witnesses speak as to the amount of travel. One (for the plaintiff) says, "It is a well-travelled street." One (for the defendant) says, "There is lots of travel on Grace street; that is a well-travelled street." While it may be true that a higher rate of speed through the portion of the city in question would be consistent with the public safety, we cannot say it is so clearly and manifestly the case that we can hold the passage of the ordinance an abuse of discretion on the part of the common council. If the ordinance be unreasonable, and unnecessarily oppressive to commerce, the best way to prove that and secure its modification is to obey it.

Judgment affirmed.