Opinion delivered May 23, 1888.

25a 449
25a 557
25 449
38 303

---

No. 5674.

## E. F. NINENGER *v.* THE STATE.

LOCAL OPTION LAW—INFORMATION.—If an election under the local option law, and the prohibition declared thereunder, embraced the *exchange* as well as the *sale* of intoxicating liquors, such election and the order declaring prohibition were without authority of law, and could not have the effect of calling the local option law into operation. Information, therefore, which charges that the sale *and exchange* of intoxicating

liquors were embraced in the election is fatally defective. Its obnoxious allegation is descriptive of the offense, and therefore can not be eliminated as surplusage.

Appeal from the County Court of Tarrant. Tried below before the Hon. Sam Furman, County Judge.

The conviction was for a violation of the local option law, and the penalty assessed was a fine of twenty-five dollars and confinement in the county jail for twenty days.

J. A. Holland, for the appellant.

W. L. Davidson, Assistant Attorney General, for the State.

Willson, Judge. This is a prosecution by information for a violation of the "local option law." It is alleged in the information that the defendant did unlawfully sell and exchange to one Jim King intoxicating liquor in a certain justice's precinct in Tarrant county, after the qualified voters of said justice's precinct, at an election held in accordance with the laws of the State, had determined that the sale and exchange of intoxicating liquors should be prohibited in said justice's precinct, and the commissioners' court of said county had passed an order to that effect, etc.

It is insisted by the defendant that the information is bad because it shows upon its face that the election and proceedings thereunder are void for the reason that the prohibition included the exchange as well as the sale of intoxicating liquors. A motion in arrest of judgment based upon this ground was made by the defendant and was overruled by the court.

We are of the opinion that the objection to the information is a valid and fatal one. If the allegation in the information that the election and the prohibition declared thereunder embraced the exchange as well as the sale of intoxicating liquors be true, such election and the order of the commissioners' court thereupon were without authority of law and did not have the effect to call into operation the local option law in said locality. (Steele v. The State, 19 Texas Ct. App., 425; Holly v. The State, 14 Texas Ct. App., 505.)

It is suggested in the brief of the Assistant Attorney General that the words " and exchange," where used in the information, may be rejected as surplusage, and the information then be held

sufficient. We can not agree to this view. As the allegation appears in the information, we regard it as descriptive of the offense sought to be alleged, and to disregard any portion of it would be unauthorized. In drawing the information the pleader has followed a form heretofore suggested by the writer as sufficient, but which is, in view of the subsequent decision of this court in Steele's case, supra, we think, substantially defective in the particular referred to. (Willson's Crim. Forms, 257; Willson's Crim. Stats., sec. 632, Indictment. See also Ex parte Beaty, 21 Texas Ct. App., 426; Ex parte Kennedy, 23 Texas Ct. App., 77.)

Because the information and also the complaint are fatally defective, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*