CITY OF DULUTH *vs.* WILLIAM F. MALLETT.

April 28, 1890.

City — Power to Prevent Obstruction of Streets by Railway Cars.—
The legislative charter of a city, authorizing the adoption of ordinances
to prevent the incumbering of streets with carriages, *held* to authorize
an ordinance to prevent the obstruction of streets by railroad cars.

Same—Ordinance not Unreasonable.—An or linance prohibiting the stop-
ping of railroad cars or locomotives on a street crossing for the switching
of cars is not *prima facie* unreasonable and void.

Same—Prosecution of Servant.—It does not exculpate one violating the
law that he was an agent acting under the direction of another.

Appeal by defendant from an order of the municipal court of Du-
luth, refusing a new trial.

*White & Reynolds,* for appellant.

*S. L. Smith,* for respondent.

DICKINSON, J.   This is a prosecution for the violation of an ordi-
nance of the city of Duluth, which prohibited the stopping of a train
of railroad cars or a locomotive on any street-crossing, either for
switching or any other purpose whatever, except to prevent accident
in case of immediate danger.   The defendant was convicted, the
case showing that he was the engineer operating a locomotive at-
tached to a long train of freight-cars; that he stopped the train on
a street-crossing, (Lake avenue,) and ran back and forth on the
crossing several times for the purpose of switching cars and plac-
ing them in position, some part of the train being all the time on
the crossing,—the street being thus continuously obstructed for a
period of from six to ten minutes, according to the testimony on the
part of the prosecution; that the train was at a stand-still only long
enough to reverse the direction of its motion.

The charter of the city, authorizing the adoption of ordinances
"to prevent the incumbering of streets   *   *   *   with carriages,
carts, wagons, sleighs, boxes, firewood, or any other material or sub-
stance whatever," empowered the city council to pass a reasonable

ordinance to prevent such obstructions by railroad cars. They are "carriages," within the meaning of the statute.

If under any circumstances the ordinance could be deemed unreasonable, there was nothing shown in this case to justify the court in so declaring. It is not apparent from the ordinance itself that it was so; and courts are not justified in declaring such enactments unreasonable, and therefore invalid, unless their unreasonableness be clearly shown. *Knobloch* v. *Chicago, Mil. & St. Paul Ry. Co.*, 31 Minn. 402, (18 N. W. Rep. 106.) No necessity was shown for the use of this street-crossing for the purpose of switching cars. It does not follow that the prohibition of the ordinance was unreasonable merely because it may have interfered with a use of the street-crossing, which was a matter of convenience to the railroad company, nor merely because the switching could not be practicably done *at this place* in any other manner than that adopted on this occasion.

It did not excuse the engineer of this train that he acted under the direction of a foreman or superior agent of the corporation.

Order affirmed.