MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v.
S. L. MATHERLY.

Decided April 27, 1904.

**1.—Railway Crossing—Contributory Negligence.**

The question of contributory negligence of a plaintiff injured by colli-
sion with an engine at a crossing held to be one for the jury.

**2.—Negligence in Law—Violating City Ordinance.**

The violation of a city ordinance regulating the running of engines and
trains within the city constitutes negligence and the court may so charge.

**3.—Ordinance—Reasonableness—Pleading.**

The question whether a city ordinance on the subject is an unreasonable
restriction on the right of a railway to operate its trains must be raised by
proper pleadings and proof.

**4.—Lighting Crossing—Ordinance—Harmless Error.**

The admission in evidence of a city ordinance requiring a railway to keep
an arc light at a certain crossing and refusal of defendant's requested in-
structions thereon can not be ground for reversal where the court refused
to submit the issue of negligence in failing to keep such light as required.

**5.—Evidence—Relevancy—Harmless Error.**

On proof of failure to maintain a light at a street crossing as required
by a city ordinance, evidence as to how lights were kept at other crossings
was immaterial; or, if material, its exclusion became harmless error when
the court declined to submit the absence of light as a ground for recovery.

**6.—Injury at Crossing—Lookout.**

Failure to use ordinary care to discover and avoid injury to one right-
fully using a public street crossing by railway employes operating its trains
is negligence.

**7.—Charge—Request—Refusal.**

Failure to give requested charges is not error when the ground is cov-
ered by the court's general charge.

Appeal from the District Court of Grayson. Tried below before
Hon. J. M. Pearson.

*T. S. Miller* and *Smith & Beaty,* for appellant.

*Randell & Wood,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This suit was brought by appellee,
a young man about 24 years old, against the appellant for the sum of
$40,000 actual damages, on account of personal injuries received by
him through the alleged negligence of the appellant. The allegations
of negligence embraced in plaintiff's petition are substantially as
follows:

(1) By running its train at a high and dangerous rate of speed
over the public street, to wit, thirty miles an hour. (2) In permitting
cars, buildings and other obstructions which would obstruct the view
of its track, to be on and near its right of way. (3) In running its
engine across a public street while it was dark without a headlight. (4)
In running its engine at a greater rate of speed than six miles an
hour, in violation of an ordinance of the city of Denison. (5) In
running its engine over a public crossing without blowing the whistle

on engine, as required by the general statute. (6) In running its engine in the city of Denison without ringing the bell, as required by the ordinances of the city. (7) In failing to keep a watchman at the public crossing where appellee was injured. (8) In failing to keep an arc light at the intersection of the railroad and public street, as required by the ordinances of the city of Denison. (9) In failing to keep a proper lookout for persons on its tracks. (10) In discovering appellee's peril and failing to stop engine and prevent his injuries. (11) In operating one train east and another west over its two tracks over the public street at which appellee was injured at the time he was injured.

Appellant answered by general denial and pleaded contributory negligence and assumed risk.

The trial had before a jury resulted in a verdict and judgment in favor of the appellee for $12,000.

The appellant's first and second assignments of error set up that the evidence upon the question of contributory negligence upon the part of appellee was sufficiently clear and undisputed to require the court to instruct the jury to find a verdict for the defendant. We have carefully considered and examined the testimony contained in the record, and find that there was sufficient evidence to authorize the court to submit the case to the jury, and that it would have been error for the court to have withdrawn the case from them by a peremptory instruction to find a verdict in favor of the defendant.

The third assignment of error of appellant complains of the charge of the court in the fourth and fifth paragraphs thereof, in instructing them that the violation of the city ordinance referred to constitutes negligence per se. It has been repeatedly held that charges to this effect are not erroneous. Texas & P. Ry. Co. v. Brown, 11 Texas Civ. App., 503; Gulf C. & S. F. Ry. Co. v. Calvert, 11 Texas Civ. App., 297; Gulf C. & S. F. Ry. Co. v. Pendery, 14 Texas Civ. App., 60.

The ordinances referred to do not change or affect the civil rights of the parties to this suit, as they exist under the common and statute law of this State. Ordinances of this character have repeatedly been held to be reasonable restrictions on railways; but in order to properly raise the question as to whether the ordinance constitutes an unreasonable restriction on railways, the issue should be raised by proper pleadings and proof.

The fourth, sixth, seventh and eighth assignments of error relate to the admission in evidence of the ordinance of the city of Denison which provides that railway companies shall provide lights where streets cross such railways, and the question as to whether appellant was guilty of negligence in failing to provide such lights, and the refusal of the court to give certain special instructions asked by appellant in reference to the maintenance of said lights, the court having refused to submit to the jury as an issue of negligence on the part of appellant its failure to maintain a light at Armstrong Avenue

crossing, the admission of the said ordinance, and the refusal of the court to give the special instructions asked by appellant upon said issue, did not constitute error.

There was no error in the action of the court in excluding the evidence of the witness Yoakum, as complained of in the fifth assignment of error. It was irrelevant and immaterial as to how the lights at other street crossings were maintained. It was only material for appellant to show that the light at Armstrong Avenue crossing, where the injuries were received by appellee, was maintained by the city, and this witness was permitted to testify to that effect. But, as above stated, the court having withdrawn this issue from the jury by a failure to charge upon same, the exclusion of this testimony was harmless to appellant.

We do not think there was any error in the fourth paragraph of the general charge to the jury, complained of in appellant's ninth assignment of error, when construed in connection with the remainder of said charge.

The seventh paragraph of the charge to the jury is not subject to the criticisms of appellant contained in its tenth assignment of error. The place where appellee received his injuries, being a public crossing, and a place where he had a right to be, it was the duty of appellant's employes in charge of the train or engine to use ordinary care in keeping a proper lookout to prevent injury to parties on or at such public crossing; and if by the use of ordinary care such employes could have discovered the peril of appellee, and they failed to use such ordinary care, such failure would constitute negligence. The authorities cited by appellant have reference either to cases where the party injured was a trespasser, or in which the question as to whether the place where the injury occurred was a place where such party had a right to be was not raised. Texas & P. Ry. Co. v. Roberts, 14 Texas Civ. App., 533.

There is no reversible error in the eighth paragraph of the charge of the court, complained of in appellant's eleventh assignment of error, when construed in connection with that part of the general charge which defines contributory negligence.

There was no error in the refusal of the court to give to the jury appellant's special instruction number 6, because the matter to which said special instruction relates was properly and fully covered in the court's general charge.

Finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused October 13, 1904.