### Ex Parte S. R. Heidleberg.

No. 3468.　Decided June 5, 1907.

**Violation of Town Ordinance—Habeas Corpus—Ultra Vires—Erection of Building.**

Where upon habeas corpus, it was shown that relator was charged with a violation of a town ordinance for illegally repairing a certain building, and that said ordinance included any building the outer walls of which were in whole or in part of any material other than brick, stone, iron or concrete, and the statute only conferred authority upon the town counsel to prohibit the rebuilding or repairing of wooden buildings within the fire limits, etc., the ordinance was ultra vires and invalid.

From Cheroke County.

Original Application for Habeas Corpus for release from commitment under a capias pro fine issued on a judgment for violating a town ordinance.

The opinion states the case.

*W. H. Shook* and *W. F. Norman,* for appellant.—Bank v. Sauls, 13 L. R. A. 487; 13 Am. & Eng. Enc. of Law, 2nd Ed., 398.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Applicant was arrested for violating the following ordinance of the City of Jacksonville: "Sec. 91. It shall not be lawful for any person or persons without having first obtained permission so to do from the town council, to build, place, move, enlarge or repair, within said fire limits, any building of any size or kind whatsoever the outer walls of which are in whole or in part of any material other than brick, stone, iron or concrete, and with a roof of other material than tin, zinc, sheet iron or slate; nor shall it be lawful to so erect within said fire limits any booth, tent, shed, or other structure without walls: provided, that this section shall not be so construed as to prevent the building of wooden awnings,

sheds or galleries over the sidewalks in front of any building within said fire limits, nor shall it be so construed as to prevent the erection of small wooden buildings for privies on lots in said fire limits; and provided further, that when any such awning, shed, or gallery shall become dangerous from use, age, decay or other cause, the owner or person controlling such property shall remove the same within twenty-four hours after being notified so to do by the town marshal. Any person violating any provision of this section shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not exceeding one hundred dollars." Applicant's house was a large wooden structure used as a hotel which he had repaired internally for convenience for hotel purposes.

It is contended that the ordinance is void for several reasons; that it is unreasonable; that it is beyond the power of the city council to create as created, and that the scope of the ordinance is much broader than the authority delegated by the Legislature. The authority for the ordinance is found in the Revised Statutes of 1895, article 523, which reads as follows: "The city council, for the purpose of guarding against calamities of fire, may prohibit the erection, building, placing, moving or repairing of wooden buildings within such limits within said city as they may designate and prescribe; and may within said limits prohibit the moving or putting up of any wooden building from without said limits and may also prohibit the removal of any wooden building from one place to another within said limits, and may direct, require and prescribe that all buildings within the limits so designated and prescribed as aforesaid shall be made or constructed of fire-proof materials, and to prohibit the rebuilding or repairing of wooden buildings within the fire limits when the same shall have been damaged to the extent of fifty per cent. of the value thereof, and may prescribe the manner of ascertaining such damage; may declare all the dilapidated buildings to be nuisances and direct the same to be repaired, removed or abated in such manner as they shall prescribe and direct; to declare all wooden buildings in the fire limits which they deem dangerous to contiguous buildings, or in causing or promoting fires, to be nuisances, and require and cause same to be removed in such manner as they shall prescribe." An inspection of this statute shows that the city council is empowered to pass ordinances for the purpose of guarding against calamities of fire, and may prohibit the erection, building, placing, moving or repairing of wooden buildings within such limits within said city as they may designate and prescribe. This clause of the article would confer authority upon the city or town council to prescribe fire limits, and by proper ordinance designate the territory to be included within such fire limits, and it will be noticed also that this clause of the article confines the authority of the city council to prescribe fire limits with reference only to wooden buildings. This article further provides that they may prohibit the moving or putting up of wooden buildings from without said limits,

and may also prohibit the removal of any wooden building from one place to another within said limits. They may further direct, require and prescribe that all buildings within the limits so designated and prescribed shall be made or constructed of fire-proof materials, and said council may prohibit by ordinance the rebuilding or repairing of wooden buildings within the fire limits, and may prescribe the manner of ascertaining the damage. So, it will be observed that the authority here conferred is: first, to prescribe fire limits; and, second, to direct and require that the buildings within these limits shall be made of fire-proof material; and, third, they may prohibit the rebuilding or repairing of buildings within the fire limits; and fourth, that this statute limits the authority of the town council to prescribe only with reference to wooden buildings; and fifth, to prescribe the manner of ascertaining the extent of damage.

The ordinance in question goes far in excess of the statute, and it makes it unlawful for any person without having obtained the permission of the town council to build, place, remove, enlarge or repair within the fire limits any buildings of any size or kind whatsoever the outer walls of which are in whole or in part of any material other than brick, stone, iron or concrete, and a roof with other material than tin, zinc, sheet iron or slate. It is a well known principle, in construing powers conferred upon a city by charter, or general law, which may serve in place of a charter, that the terms are construed strictly against the grant and in favor of the granting power. It is also well recognized that an ordinance that is broader than the legislative authority is void. The city can exercise no power except as granted by the Legislature, unless there be authority in the organic law broader than the legislative grant, but that constitutional question is not involved in this case. This ordinance on its face demonstrates that it is much broader than the terms of article 523, supra, and therefore invalid. The ordinance says any building of any kind whatsoever the outer walls of which are in whole or in part of any material other than brick, stone, iron or concrete. The statute only confers authority upon the city council to prohibit the rebuilding or repairing of wooden buildings within the fire limits. The statute requires a city council to prescribe some manner of ascertaining the damage. This ordinance entirely fails to prescribe any method by which the damage can be ascertained. We are, therefore, of opinion that for this reason the ordinance is invalid.

There are other interesting questions suggested, but under this view of the case, it is unnecessary to discuss them.

The judgment imposing a fine upon the applicant in the lower court is set aside because the ordinance is invalid, and there is no legal authority for his conviction, and relator is ordered discharged.

It is further ordered and adjudged that relator pay the costs accruing in this court.

*Relator discharged.*