EX PARTE R. B. MORRIS.

No. 4197.   Decided June 23, 1909.

**1.—City Charter and Ordinance—Character of Building.**

The general incorporation act authorizes the city council to pass an ordinance preventing the construction of any character of building save and except buildings of fire-proof material; and where the city ordinance prohibits the building of anything save and except a brick or stone building within the fire limits of said city, the same is not more restrictive than said general statute authorizing the same.   Davidson, Presiding Judge, dissenting.

From Wichita County.

Original habeas corpus proceedings asking release from a commitment by virtue of a warrant issued out of the Corporation Court, under the general incorporation act, Revised Civil Statutes, article 523 for putting up a building in violation of the city ordinance.

The opinion states the case.

*Edgar Scurry*, for relator.—Cited: Ex parte Heidleberg, 51 Texas Crim. Rep., 581; 103 S. W. Rep., 395; Ex parte Roberson, 30 Texas Crim. App., 493; 17 S. W. Rep., 1058; City of Newton v. Belger, 10 N. W. Rep., 464; 28 Cyc., pages 370, 371.

*F. J. McCord*, Assistant Attorney-General, for the State, and *Montgomery & Britain*, for respondent.—Cited: Mansfield v. People, 164 Ills., 612; Ex parte Gregory, 20 Texas Crim. App., 210.

BROOKS, JUDGE.—The applicant was arrested and restrained _ his liberty under a charge that he violated an ordinance of the city of Wichita Falls.  The ordinance reads as follows: "That it shall be unlawful for any person or persons to erect any building or structure of any kind within the fire limits of this city of any other material than brick or stone for the walls, and metal, gravel or slate for the roof of such building or structure, except as herein provided."  The ordinance prescribes a punishment.  It will be noticed that the ordinance prohibits building within the fire limits of the city of Wichita Falls every kind and character of building except one constructed of "brick or stone." Contention is made that this ordinance is too restrictive, that it is unreasonable and invalid, and that it is discriminating in nature and character.  The authority for this ordinance is found in the Revised Civil Statutes, article 523, which reads as follows: "The city council, for the purpose of guarding against the calamities of fire, may prohibit the erection, building, placing, moving or repairing of wooden buildings within such limits within said city as they may designate and prescribe; and may within said limits prohibit the moving or putting up of any wooden building from without said limits, and may also prohibit the removal of any wooden building from one place to another within said limits, and may direct, require and prescribe that all buildings

within the limits so designated and prescribed as aforesaid shall be made or constructed of fire-proof materials, and to prohibit the rebuilding or repairing of wooden buildings within the fire limits, when same shall have been damaged to the extent of fifty percent of the value thereof, and may prescribe the manner of ascertaining such damage; may declare all the dilapidated buildings to be nuisances, and direct the same to be repaired, removed or abated in such manner as they shall prescribe and direct; to declare all wooden buildings in the fire limits, which they deem dangerous to contiguous buildings, or in causing or promoting fires, to be nuisances, and require and cause the same to be removed in such manner as they shall prescribe." The clause of the general incorporation act last above cited authorizes city councils to pass an ordinance preventing the construction of any character of building save and except buildings of fire-proof materials. The ordinance of the city of Wichita Falls prohibits the building of anything save and except a brick or stone building within the fire limits. The insistence is made that this ordinance is more restrictive than the statute authorizing same. There is no question but what the general incorporation act is a limitation upon the powers of cities incorporated under said act, but the question for us to decide is, is the ordinance in question more restrictive than the statute which authorizes same? We hold not. The ordinance authorizes the construction alone of buildings of brick and stone. Insistence is made that iron and concrete are also noncombustible materials, and fire-proof, and that, therefore, under this ordinance, one could not construct a building of iron or of concrete. We think this position hypercritical. Concrete is a species of brick made ·by artificial means, just like brick are made, or else is an artificial stone. There is nothing in the ordinance that inhibits the building of a concrete building, since it could not be justly said a concrete building was not a stone building, in the sense that it is equally as noncombustible and as fire-proof. No one ever heard of an iron house. Frequently the structural portions of a building are made of iron, but are uniformly filled in between the structure or frame work, so to speak, with brick or stone. So we do not believe the ordinance violates the provisions of the general incorporation act. So we hold that the ordinance is not broader than the statute, and was not intended to be broader than the statute. It is unnecessary to cite authorities on this question, but suffice it to say, as above suggested, that where a charter complies in spirit with the provisions of the general incorporation act, any such ordinance of a city is constitutional.

Accordingly relator is remanded.

*Relator remanded.*

DAVIDSON, Presiding Judge (dissenting).—The applicant was arrested and restrained of his liberty under a charge that he violated an ordinance of the city of Wichita Falls. The ordinance reads as follows: "That it shall be unlawful for any person or persons to erect any

building or structure of any kind within the fire limits of this city of any other material than brick or stone for the walls, and metal, gravel or slate for the roof of such building or structure, except as herein provided." The ordinance prescribes a punishment. It will be noticed that the ordinance prohibits building within the fire limits of the city of Wichita Falls every kind and character of building except one constructed of "brick or stone." Contention is made that this ordinance is too restrictive, that it is unreasonable and invalid, and that it is discriminating in its nature and character. The authority for this ordinance is found in the Revised Civil Statutes, article 523, which reads as follows: "The city council, for the purpose of guarding against the calamities of fire, may prohibit the erection, building, placing, moving or repairing of wooden buildings within such limits within said city as they may designate and prescribe; and may within said limits prohibit the moving or putting up of any wooden building from without said limits, and may also prohibit the removal of any wooden building from one place to another within said limits, and may direct, require and prescribe that all buildings within the limits so designated and prescribed as aforesaid shall be made or constructed of fire-proof materials, and to prohibit the rebuilding or repairing of wooden buildings within the fire limits when the same shall have been damaged to the extent of fifty percent of the value thereof, and may prescribe the manner of ascertaining such damage; may declare all the dilapidated buildings to be nuisances, and direct the same to be repaired, removed or abated in such manner as they shall prescribe and direct; to declare all wooden buildings in the fire limits which they deem dangerous to contiguous buildings, or in causing or promoting fires, to be nuisances, and require and cause the same to be removed in such manner as they shall prescribe." This statute authorizes city councils to pass ordinances for the purpose of protection against fire calamities, and may prevent the erection of wooden buildings. And it will also be noticed that the article above quoted confines the authority of the city council to prohibit in fire limits the erection of wooden buildings. So, as is said in Ex parte Heidleberg, 51 Texas Crim. Rep., 581; 103 S. W. Rep., 395, "the authority here conferred is, first, to prescribe fire limits; second, to direct and require that buildings within such limits shall be made of fire-proof material; third, they may prohibit the building or repairing of buildings within fire limits; fourth, this statute limits the authority of the town council to prescribe only with reference to wooden buildings, and, fifth, to prescribe the manner of ascertaining the extent of the damage." The ordinance under consideration seems to be beyond and in excess of the statute in this: that it prohibits the erection of any character of building except one made of "brick or stone." Robertson's case, 30 Texas Crim. App., 493. The city council would have authority under the statute to pass ordinances which would in effect prohibit such buildings as might be dangerous in case of fire, and in guarding against such calamities, and would have

the authority to prohibit the erection of wooden buildings, but it is not clothed with authority to limit the fire-proof buildings alone to brick or stone. The authority to prohibit wooden buildings, and the authority to provide against fire, would not be limited to the erection alone of rock or brick buildings. The citizenship would have the right to erect buildings out of ·any material that is fire-proof. It is a well-known principle, in construing powers conferred upon a city by a charter or general law, which may serve in the place of a charter, that the terms are construed strictly against the grant, and in favor of the granting power. It is also as well recognized that an ordinance that is broader than legislative authority is void. The city can exercise no power except as granted by the Legislature, unless there be authority in the organic law broader than the legislative grant, but that constitutional question is not involved in the case.

This ordinance on its face demonstrates that it does not comply with the terms of article 523, *supra,* and is, therefore, invalid. While the Legislature has granted authority to towns to guard against fire, and require buildings to be made of fire-proof material, still it has not empowered these towns to limit the material to any particular kind, or to select out one or two fire-proof materials. An ordinance, therefore, that is partial, or which discriminates in favor of one class against another, is void, whether it is in regard to individuals or the character of fire-proof material. Again, ordinances in derogation of common right are invalid and unenforcible, unless there has been express authority granted the city to pass such ordinances. 28 Cyc., 370-1; 13 American & Eng. Cyc. of Law, p. 398, and notes for authorities. It is of common right to every citizen to construct his house of whatever material he may see proper, and this can only be limited reasonably with the fundamental rule underlying all police power, which is, that all rights shall be used so as not to injure the rights of others or public rights. The limits of police power are found in that rule. "A municipal corporation has no inherent power to interfere arbitrarily with the common-law right of real estate proprietors in the use and improvement of their property; but under the police power some measure of authority for building regulations is found to reside in nearly every municipality. The power of regulation extends to erection, alteration and repair, and whenever the owner's right to pursue his own plans in building, altering or repairing is challenged, it is determined by two tests: (1) Has the municipality power to forbid the contemplated erection, alteration or repair? (2) Has it lawfully exercised the power by enacting a prohibitory ordinance?" 28 Cyc., 736. Every citizen has the right of acquiring title to a tract of land in a city and build thereon as his tastes, convenience or interests suggest, or his means justify, without taking· into consideration whether his building will conform in general character and appearance to others previously erected in the same locality. Bostock v. Sams, 95 Md., 400. Nor can this right be abridged except under the general power above stated.

As before stated, it will be noticed that the ordinance selects out of fire-proof materials two substances or materials—brick and stone. The majority opinion practically holds that there is no other fire-proof material. I believe there are other kinds of building material that are fire-proof. It has been held that, to say of a building that it is fire-proof, excludes the idea that it is of wood, and necessarily implies that it is of some substance fitted for the erection of fire-proof buildings. Hickey v. Morrell, 102 N. Y., 454-460; Dietz v. Yetter, 54 N. Y. Sup., 258. It has been again said, the words "fire-proof" and "incombustible material" are often used in connection with houses that are not absolute proof against fires, but are intended as referring to houses built of brick, stone, iron, or other material on the outside so as to form barriers that will resist the action of ordinary fires. Chimine v. Baker, 75 S. W. Rep., 330-331. This is a Texas case. 13 Am. & Eng. Ency. of Law, p. 402, has the following: "To say of any article that it is fire-proof conveys no other idea than that the material out of which it is formed is incombustible. That statement, as regards certain well-known substances usually employed in the construction of buildings, while it might in some final sense be deemed the expression of an opinion, could in practical affairs be properly regarded only as a representation of a fact. To say of a building that it is fire-proof excludes the idea that it is of wood, and necessarily implies that it is of some substance fitted for the erection of fire-proof buildings. To say of a certain portion of a building that it is fire-proof suggests a comparison between that portion and other parts of the building not so characterized, and warrants the conclusion that it is of a different material." See notes under this quotation.

Referring to the ordinance a moment, it will be observed that the statute authorizes the city council to forbid the erection, under circumstances therein named, of wooden buildings in the fire limits, and then in a general way authorizes the city council to require buildings within those limits to be made fire-proof. If the definition of fire-proof above given is correct, then the majority opinion is entirely incorrect. Under the authority of the Legislature the ordinance would be invalid for the reasons stated: First, the Legislature did not authorize the city council to discriminate in favor of one character of fire-proof material as against another. Second, it did not authorize the city to discriminate against persons who wish to use any other character of fire-proof material. Third, it is in excess of the power granted by the Legislature, unreasonable, oppressive, and places an unwarrantable construction upon the power granted. It is subversive of the fundamental rule that such delegated authority is taken most strongly in favor of the granting power. I, therefore, am clearly of opinion that this ordinance is not in conformity with, but violative of, the delegated authority to the city council, as found in article 523, *supra,* and is unreasonable in that it limits and discriminates in favor of the two kinds of material mentioned, to the exclusion of all other kinds of fire-proof material, and

that it is partial, and discriminates in favor of one business as against another, and that it prevents a citizen from building of any material he may see proper, which is fire-proof; and lastly, it is in derogation of the common right to the extent that it passes beyond the limitation of that common right as fixed by the legislative authority. I therefore enter my dissent.