

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable Leo Presnell
County Attorney
Upshur County
Gilmer, Texas

Dear Sir:

Opinion No. O-1000
RE: May a city and county enter into a partnership in the purchase of a motor grader for road and street repair work?

Your request for an opinion on the above stated question has been received by this office.

Your letter reads in part as follows:

"In purchase of a motor grader for road and street repair work, could the Commissioners' Court of Upshur County legally enter into a partnership agreement with the city of Gilmer whereby each would pay an equal amount of purchase price, and divide the time accordingly as to its use on county roads and streets of the city?"

The Commissioners' Court is a court of limited power and jurisdiction, and has no powers or duties except those which are clearly set forth and defined in the Constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed liabilities of the Commissioners' Court, the medium through which the different counties act, and from these statutes must come all of the authority vested in the county. Tex. Jur. vol. 11, p. 563; Edwards County v. Jennings, 33 S. W. 585.

We quote from Texas Jurisprudence vol. 11, p. 632 as follows:

"The authority of the commissioners'
court as the governing body of a county
to make contracts in its behalf is strict-
ly limited to that conferred either ex-
pressly or by fair or necessary implica-
tion by the constitution and laws of the
state. If the commissioners' court acts
without authority in making a contract,
the county is not bound by its action.
However, although an attempted contract
is beyond the power and authority confided
in the county commissioners, it may be en-
forceable, apparently, if it is not ille-
gal as well as ultra vires. The wisdom of
a contract is not a matter into which a
judicial tribunal will inquire; and the
court will not substitute its judgment for
that  of the commissioners' court so long
as the latter contracts under the author-
ity of law. Again, the general powers
given to the commissioners' court are of
little practical value without the fur-
ther authority to use adquate means to in-
sure the proper, intelligent and effective
exercise thereof.

"The commissioners' court must have
authority of law for its contract, and, if
the authority has been given, a reasonable
construction of it will be given to effect
its purpose."

Also, see the cases of:  Roper v. Hall, 280 S. W.
289; Baldwin v. Travvis County, 88 S. W. 480; Tarrant County
vs. Rogers, 125 S. W. 592; Commissioners' Court v. Wallace,
15 S. W. (2d) 535.

"Municipal corporations are the
creatures of the State, contrived for
its benefit; and they are invested
with such authority and privileges,
and have only such powers, as the
State has seen fit to confer upon
them. They exercise only delegated
authority; all acts done by them must
find authority in the law of their
creation. Common law prerogatives of

the State are generally held not to be available to them. * * *" Tex. Jur. vol. 30 p. 97; Trent v. Randolph, 130 S. W. 191; Town of Griffing Park, v. City of Port Authur, 38 S. W. (2d) 593.

"The extent of the authority of municipal corporations is a question of construction. They powers granted to them are usually strictly construed; any fair, resonable or substantial doubt concerning the existence of power is to be resolved against the corporation, and the disputed power is to be denied. * * *" Tex. Jur. vol. 30, p. 110; City of Brenham vs. Holle & Seelhorst, 153 S. W. 345; City of Cleburne. v. Gulf, C & S. F. R. Co., 1 S. W. 342; West v. City of Waco, 294 S. W. 832.

Article 2356, R. C. S. reads as follows:

"Said court may erect bridges within the corporate limits of any city or town to the same extent and under the same conditions now prescribed by law for the construction of bridges outside the limits of any city or town. Said court and the governing body of any city or town may cooperate in the erection of a bridge within the corporate limits of a city or town, and jointly erect such bridge upon terms and conditions mutually agreed upon; and either or both the city and county may issue its bonds to pay its proportionate part of the debt by complying with the requirements of the law regulating the issuance of bonds by counties and cities and towns."

Article 4492, R. C. S., reads as follows:

"Any commissioners' court may co-operate with and join the proper authorities of any city having a population of ten thousand persons or more in the establishment, building, equptment and maintenance of a hospital in said city, and to appropriate such funds as may be determined by said court, after joint conference with the authorities of such city or town, and the management of such

> hospital shall be under the joint control
> of such court and city authorities."

The above-quoted statutes specifically authorize contracts between counties and cities for specific purposes therein stated; however, after a deligent search of the statutes we do not find any statute authorizing a city and county to enter into a partnership in the purchase of a motor grader for road and street repair work. And, in the absence of a statute authorizing a city and county to enter into a contract and partnerhip in the purchase of a motor grader, the city and county would have no authority to do so.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the Commissioners' Court of Upshur County cannot legally enter into a partnership agreement with the City of Gilmer to purchase a motor grader for road and street repair work.

Trusting that the foregoing answers your inquiry, we remain.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Ardell Williams
                   Assistant

AW-MR/pam

APPROVED   JUN 26 1939
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

1381    1893