TOMLIN v. CLAY. (No. 7201.)

(Court of Civil Appeals of Texas. Dallas. May 16, 1914.)

1. COURTS (§ 169*)—JURISDICTION—COUNTY COURT.

The county court has jurisdiction of a suit for an injunction to restrain a breach of contract and thereby prevent damages in the sum of $500.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

2. INJUNCTION (§ 17*)—ADEQUACY OF REMEDY AT LAW—SOLVENCY OF DEFENDANT.

The remedy by injunction will not be denied merely because defendant is solvent and able to respond in damages, where the remedy at law is doubtful.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 16; Dec. Dig. § 17.*]

3. FRAUDS, STATUTE OF (§ 44*) — PAROL AGREEMENTS — PERFORMANCE WITHIN A YEAR.

A parol agreement by a seller of his business not to engage in similar business in the village, so long as the buyer engages therein in the village, is not within the statute of frauds, because there is nothing in the agreement which shows that it is not to be performed within one year.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 66; Dec. Dig. § 44.*]

Appeal from Ellis County Court; J. O. Lumpkins, Judge.

Action by Homer Tomlin against E. V. Clay. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

Clyde F. Winn, of Waxahachie, for appellant. Will Hancock and Supple & Harding, all of Waxahachie, for appellee.

RAINEY, C. J. Appellant brought this suit against appellee, alleging: That he purchased a lot of land from appellee and a barber shop, a clothes cleaning and clothes pressing business, and establishment with fixtures and furniture, which appellee owned and was conducting on said lot in the village of Avalon, Ellis county, Tex., and that appellee further agreed not to conduct or operate a like business in said village of Avalon, so long as appellant continued to operate said

business. And in consideration of said purchase he paid to the appellee the sum of $400. That appellee has violated said contract by operating a similar business in the village of Avalon, which will cause irreparable injury to appellant in the sum of $500, unless appellee be restrained from engaging in said business for which appellant prays for a writ of injunction.

Appellee answered: First, that such suit was not authorized by law; second, that the county court did not have jurisdiction; third, denying the making of such contract, if made, it was in violation of the statute of frauds; fourth, that appellee is solvent and able to respond in damages.

Upon a hearing of the cause it was dismissed for want of jurisdiction in the county court to grant the relief prayed for.

[1] The court erred in dismissing appellant's cause of action on the ground that the county court had no jurisdiction of the suit. Said court has jurisdiction to issue writs of injunction where the matter in controversy exceeds the sum of $200, and does not exceed the sum of $1,000. Here the threatened damage is alleged by plaintiff to be $500, and to prevent such loss an injunction was sought. This, we think, sufficiently shows the amount of anticipated damages to be within the jurisdiction of the county court. De Witt Co. v. Wishchkemper, 95 Tex. 435, 67 S. W. 882. In that case there was no value of the subject-matter set forth in the petition; therefore the jurisdiction of the county court did not attach. In this case, however, the damages threatened are within the jurisdiction of the county court.

[2] It is insisted by appellee that he is solvent and able to respond in damages; therefore the appellant is not entitled to the writ of injunction. The remedy of injunction should not be denied, because of the existence of a doubtful remedy at law; "it is not enough that there is a remedy at law; it must be plain and adequate, or, in other words, as practical and efficient to the ends of justice, its prompt administration, as the remedy in equity."

In Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, the court, speaking through Justice Denman, said:

"In courts administering both law and equity, like ours, the rules denying injunction when there is a remedy at law should not be applied as rigidly as at common law, where the issuance of the writ in equity was, to a certain extent, an invasion of the jurisdiction of another tribunal. If, as here, the applicant shows a clear right to be left in the undisturbed possession of certain property, and that such right is about to be invaded without semblance of right by another, such invasion, on principle, should be prevented in its incipiency by injunction, instead of allowing the injury to be inflicted and then leaving the party to his legally adequate, but in fact generally very inadequate, remedy of an action for damages."

[3] Appellant further alleged that, as part consideration for the purchase of said lot

---

and business, appellee agreed and contracted not to engage directly or indirectly in the barber, clothes pressing, and cleaning business in Avalon so long as appellant operated said business in said village.

It is urged by appellee that appellant is not entitled to recover for the reason that said agreement is not in writing, and falls within the statute of frauds, which prohibits suits from being brought, and when the agreement is not to be performed within the space of one year from the making thereof. There is nothing in the allegation which shows that the contract is not to be performed within one year. In Thouvenin v. Lea, 26 Tex. 612, it is said:

"An agreement which may or may not be performed within a year is not required by the statute of frauds to be in writing; it must appear from the agreement itself that it is not to be performed within a year." Robb v. St. Railway Co., 82 Tex. 392, 18 S. W. 707.

For dismissing appellant's cause of action, the judgment is reversed, and cause remanded.