ANDERSON v. GAMMON. (No. 7741.)[*]

(Court of Civil Appeals of Texas. Dallas. Nov. 4, 1916. Rehearing Denied Dec. 2, 1916.)

APPEAL AND ERROR ☞680(1)—RECORD.

There is nothing to consider under an assignment complaining of failure to sustain a demurrer, the record not showing the demurrer was presented to or acted on by the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2880; Dec. Dig. ☞680(1).]

Error from District Court, Ellis County; F. L. Hawkins, Judge.

Action by J. L. Gammon against E. P. Anderson. Judgment for plaintiff, and defendant brings error. Affirmed.

E. P. Anderson, of Waxahachie, for plaintiff in error. G. C. Groce, of Waxahachie, for defendant in error.

RAINEY, C. J. This suit was brought by appellee against appellant to enjoin a levy of four executions on a certain tract of land on the ground that appellee was not a party to said executions, nor in any way liable for the payment of the debt said executions were issued to collect; that the land was not subject thereto and the levy thereon cast a

cloud upon the title; that said levies and attempted sale were for the purpose of annoying defendant in error, disturbing his tenants and his possession, and to prevent him from making any sale of said property by impairing the market title thereto. The levies were made for the purpose also of extorting the payment of certain money not due them by defendant in error by thus annoying him and rendering the sale of said property impossible, and that. said acts accomplished said purpose, etc. A temporary injunction was granted. The plaintiff in error filed an answer covering 34 pages of the transcript. Defendant in error filed a motion to strike out this, and also excepted to it, because of its scurrilous, impertinent, and highly scandalous character, both as to the parties to the suit and persons not parties to the suit, and because the libelous, impertinent, scurrilous, and scandalous matters were so interwoven with other allegations in the answer that they were incapable of being separated. The court sustained said motion and struck out the entire answer. Defendant was granted leave to amend by the court, but defendant declined to do so, whereupon the allegations of the petition were taken as confessed and judgment rendered, perpetuating the injunction, from which this appeal is taken.

We will first consider plaintiff in error's motion to strike out defendant in error's brief, because filed too late. The brief was filed on October 21, 1916, the day this case was regularly set down for hearing and submitted. Rule 41a, Ct. Civ. App. (142 S. W. xiv), requires that four copies of brief of each party filed below be filed in the clerk's office of the Court of Civil Appeals on or before the hearing in this court. The brief of plaintiff in error was properly filed in the trial court, but there is nothing in the record showing whether or not defendant in error's brief was filed in the trial court, and plaintiff in error complains that a copy of it was not furnished him, and that he never saw it until the day the case was submitted. This proceeding, strictly speaking, is irregular; and, should we strike out defendant in error's brief, we find that the brief of plaintiff in error under the rules cannot be considered.

Only two errors are assigned, as shown by the transcript, and two are presented in plaintiff in error's brief, neither of which is correctly copied. There is no reference to any page of the transcript where the assignments of error can be found, nor does it state any proceeding had therein, except the statement that the court failed to sustain his demurrer to the petition. But, looking to the record, there is nothing showing that the demurrer was ever presented to the trial court, or that he ever took any action with reference thereto. Such being the case, there

is nothing for this court to consider relating to the assignments of error.

There is no error shown by the assignments of error presented that requires a reversal of the case, and the judgment is affirmed.