CITY OF BROWNSVILLE et al. v. FERNANDEZ. (No. 5992.)

(Court of Civil Appeals of Texas. San Antonio. March 13, 1918.)

1. COURTS ⬧121(3)—COUNTY COURTS—JURISDICTIONAL AMOUNT—CONSTITUTION.

Under Const. art. 5, § 16, the county court has jurisdiction to enjoin an injury threatened to property alleged to be $400.

2. INTOXICATING LIQUORS ⬧74—MANDAMUS—ARBITRARY ACTION—CITY MANAGER—REFUSAL OF LIQUOR LICENSE.

If the action of a city manager in refusing a retail liquor dealer's license is arbitrary and unreasonable, the courts will review and control such action by mandamus.

3. APPEAL AND ERROR ⬧874(2) — APPEAL FROM ORDER GRANTING INJUNCTION—CONSIDERATION OF ALL ORDERS.

Where the case is before the Court of Civil Appeals on appeal from an order granting a temporary injunction, the court must consider all the orders presented for consideration.

4. MUNICIPAL CORPORATIONS ⬧105 — ORDINANCE—BEGINNING PHRASE—CHARTER.

Under charter of the city of Brownsville, requiring that ordinances begin with the words "Be it ordained by the city of Brownsville," an ordinance so beginning was not void because it did not begin "Be it ordained by the council of the city of Brownsville."

5. INTOXICATING LIQUORS ⬧130 — ORDINANCE ESTABLISHING SALOON DISTRICT.

An ordinance of a city establishing a saloon district was not void because it failed to provide a penalty for its violation.

6. MUNICIPAL CORPORATIONS ⬧111(3) — SALOON DISTRICT ORDINANCE—UNREASONABLENESS.

Under Brownsville City Charter, § 22, authorizing the establishment of districts or limits wherein saloons may be located, and authorizing the city to prohibit the location of saloons outside such districts, the mere fact that a saloon district created had more residences than business houses within it, and the fact that the limits without the district contained more business houses than residences, do not warrant the legal conclusion that the ordinance establishing the saloon district is void as unreasonable.

Appeal from Cameron County Court; H. L. Yates, Judge.

Action by Jose Fernandez against the City of Brownsville and others. From an order granting temporary injunction, defendants appeal. Reversed, and cause remanded.

Amos Rich, of Brownsville, for appellants. E. T. Yates, of Brownsville, for appellee.

SWEARINGEN, J. This action was brought in vacation by petition to the county judge in chambers, presented on August 25, 1917, by Jose Fernandez, alleging that he is a citizen of the state of Texas; that he had taken all of the necessary steps under the law to procure a retail liquor dealer's license to pursue the business of a retail liquor dealer in a storehouse located on lots 11 and 12, in block 57, in the city of Brownsville; that the city of Brownsville was incorporated under the general laws of the state of Texas in the year 1885, and that during the year 1915, at an election held for that purpose, adopted a

new charter under the laws of the state of Texas passed in 1913, authorizing cities of more than 5,000 inhabitants to adopt or amend their charters; that defendants A. A. Browne, C. H. More, R. B. Rentfro, W. H. Putegnat, and E. C. Garcia are the duly elected commissioners of said city; that the other defendants named in said petition are officers of said city duly appointed as provided by said charter; that on October 20, 1916, an ordinance was enacted by the city of Brownsville establishing a saloon district in the city of Brownsville; that the location of plaintiff's saloon is outside of said saloon district, and that said ordinance establishing a saloon district is void and unreasonable in that it does not provide a penalty to secure its enforcement; that the charter of the city of Brownsville does not confer upon said city power to enforce said ordinance; that the charter of the city of Brownsville provides a penalty not to exceed $200 for violation of its ordinances; that said established district does not include all of the business section of said city; and that it includes blocks having more residence houses than business houses and leaves out blocks that have more business houses than residence houses.

Plaintiff prays for an injunction to restrain the city officers of the city of Brownsville from interfering with plaintiff and for writ of mandamus to compel the city manager, F. H. Williams, or other officers, to issue to him an occupation tax receipt and a permit to pursue his business on lots 11 and 12, in block 57, as a retail liquor dealer.

On August 25, 1917, the court made an order in chambers requiring all of the defendants to appear on August 29, 1917, to show cause why plaintiff should not be granted his occupation tax receipt and license as prayed for and to show cause why plaintiff should not be granted his injunction and mandamus as prayed for and provided the character of notice to be served. At the request of the defendants this hearing was reset for September 3, 1917, and on September 5, 1917, after hearing evidence, an order was made and entered by the court declaring the ordinance void and unreasonable and granting the plaintiff's prayer for injunction and for writ of mandamus and further ordered the clerk of the county court to not issue said writs until this appeal should have been passed upon by the Court of Civil Appeals of the Fourth supreme judicial district of San Antonio, Tex.

Appellee's petition for injunction and mandamus alleges that plaintiff is a resident of Cameron county, Tex.; that C. H. More, R. B. Rentfro, W. H. Putegnat, A. A. Browne, and E. C. Garcia are the commissioners of said city, Amos Rich is its attorney, F. H. Williams is its business manager, Elmores Grider is its tax collector, Santiago Garza is its secretary and clerk, and W. B. Linton, Henry Gordon, Francisco Villareal, Joaquin Trevenio, Fred Tate, Roy H. Weller, Manuel

Flores, Pauline Ramos, Emelio Munez, Conardo Barreda, Desedirio Cavazos, Oscar Gennett, M. Y. Dominguez, and J. L. Bradshaw are its police; that all of said defendants reside in Cameron county, Tex.; that the city of Brownsville is a municipal corporation, incorporated in 1875, under the general laws of 1875; that said city adopted a new charter in 1915, under the laws of 1913, and retained all its former powers in its adopted charter; that said adopted charter provides that said city can levy a fine of $200 for violations of its ordinances; that said charter provides that said city can establish a saloon district for the sale of intoxicating liquors, and can forbid the location of saloons or the sale of such liquors outside the limits of such district; that on October 20, 1916, said city established such a saloon district; that said district leaves out half of the business section of the city of Brownsville, and includes numerous residence blocks; that policing would be easier if the district had been confined to the business section of the said city; that said district runs down a back alley to cut plaintiff's location out of the district; that said adopted charter cannot confer power upon said city to enforce any ordinance; that said ordinance and district are unreasonable and are void; that appellee was engaged in the business of retail liquor on said location when said ordinance was passed; that his license expired on the 10th day of July, 1917; that he applied to the comptroller of the state for a permit to continue to engage in said business on said location, and said permit has been granted and issued to him; that appellee has applied to the county judge of Cameron county, Tex., for a state and county license to continue to do business as a retail liquor dealer on said location, and said judge has granted him said state and county license; that defendants refuse to issue him a city license and occupation tax receipt as such liquor dealer; that said location is out of said saloon district, but is in the heart of the business section of said city; that appellee tenders in court the full amount of his license fees for his state, county, and city license, and demands such license, and tenders in court his liquor dealer's bond; that plaintiff has spent $400 for saloon fixtures on said location, and unless he is granted the relief prayed for these fixtures will be worthless, and he will be damaged in the said sum of $400; that plaintiff wishes to continue to engage in his said business, but is afraid of defendants, and fears he will be arrested and humiliated and forced to employ counsel, and that his business will be injured if these things are done; that he has no adequate remedy at law, and will be irreparably damaged; that he cannot be granted relief by injunction alone; that Elmores Grider and Santiago Garza have heretofore issued such license an occupation tax receipt, but now claim they have no such authority; that F.

H. Williams is business manager of said city, and he or said Grider and Garza have such power and authority, and the court can determine who of them has such power and authority and compel him to issue such license and occupation tax receipt. Plaintiff prayed for a writ of injunction against the city of Brownsville, its commissioners, attorney, and police, restraining them from interfering with plaintiff in engaging in said business on said location, and prayed for a writ of mandamus against F. H. Williams, Elmores Grider, and Santiago Garza, and the officer among these three who had such power and authority, and compel such officer to issue said license and occupation tax receipt. This petition was sworn to.

Appellants presented general demurrers and special exceptions, directed to the jurisdiction of the court, and a special exception directed to the point that the defendants were required to perform an act that requires the exercise of judicial discretion. Appellants then filed a general denial, admitting their refusal to issue the license and occupation tax receipt, but denying that appellee had been injured or that his location was in the main business section of the city. They also set up that they were required to perform an act that requires the exercise of judicial discretion. Grider and Garza plead their lack of authority to perform the acts in question, and prayed that the suit be dismissed as to them. The trial court set the case for hearing on the 29th day of August, but at the request of appellants postponed the hearing till the 3d day of September. The case was not closed and a judgment rendered until the 6th day of September. The court overruled all of appellants' exceptions, to which ruling they excepted and tendered their bill, which was allowed. The appellants also filed a motion to dismiss the application on the ground that appellee did not prove that he was damaged, which the court overruled.

At the request of appellee the trial court filed his findings of facts and conclusions of law. The court found that the city of Brownsville was incorporated in 1875, under the laws of 1875; that it adopted a new charter in 1915, under the laws of 1913, and retained all its former powers in its adopted charter; that the laws of 1875 have never been repealed; that the laws of 1875 provide that the style of all ordinances shall be, "Be it ordained by the city council of the city of ———," and provide that no city can levy a greater fine than $100 for violations of its ordinances; that the city of Brownsville is not given power to enact ordinances by the law or its charter, but such power is given to the commissioners; that the adopted charter provides that the style of all ordinances shall be, "Be it ordained by the city of Brownsville," and provides that said city can levy a fine of $200 for violations of its ordinances; that said adopted charter provides

that said city can establish a saloon district for the sale of intoxicating liquors, and forbid the location of saloons or the sale of such liquor outside of such district; that on the 20th day of October, 1916, said city established such a saloon district; that the style of ordinance creating such district was, "Be it ordained by the city of Brownsville"; that said district includes 24½ blocks; that said district leaves out at least half of the actual business section of said city, and that 16 blocks, out of a total 24½ are residence blocks; that appellee's location is out of the district, but is the main business section of the city; that appellee has applied to the comptroller of the state for a permit to engage in the business of a retail liquor dealer on lots 11 and 12, in block 57, in the city of Brownsville, and said permit has been granted and issued to appellee; that appellee has applied to the county judge of Cameron county for a state and county license, and has been granted his state and county license; that appellee has tendered in court the full amount of his state, county, and city license, also his liquor dealer's bond, and has demanded his license; that appellee owns the business on said location; that he has placed fixtures for saloon purposes there, of the value of $450, and he owns these fixtures; that unless he is granted the relief prayed for these fixtures will be rendered worthless, and he will be damaged in the said sum of $450; that the defendants refuse to issue him a city license and occupation tax receipt, permitting him to engage in said business in said city; that F. H. Williams, business manager of said city, is the proper person to issue such license and occupation tax receipt, which he refuses to do; that plaintiff cannot be granted complete relief by injunction alone, as the plaintiff cannot engage in said business without his said city license, except in violation of law. In his conclusions of law the court held the ordinance to be void, because the style of it was, "Be it ordained by the city of Brownsville," and because the adopted charter provides that said city can levy a fine of $200 for violations of its ordinances. The court held the ordinance to be unreasonable and void, because it leaves out half of the business section of the city and takes in 16 residence blocks out of a total of 24½. The court also held that an ordinance or law must in fact be enacted by the body to which lawmaking power is delegated, and that the enacting clause must show that the proper lawmaking body has, in fact, enacted it.

The first assignment insists that the county court had no jurisdiction over the cause of action alleged in the present case, because not ancillary to an alleged cause of action, and because the amount in controversy fails to show jurisdiction.

[1] The injury threatened to property is alleged to be $400, which is sufficient to con-

fer jurisdiction upon the county court. Constitution of Texas, art. 5, § 16; Dean v. State, 88 Tex. 296, 30 S. W. 1047, 31 S. W. 185.

The first assignment is overruled. The third assignment presents a similar question and is also overruled.

The proposition asserted under the second assignment is:

"Where the duty to be performed by a public official is judicial in its nature or involves the exercise of discretion upon the part of an official and no appeal is permitted by law, courts will not undertake by mandamus, or otherwise, to control or review the action of such official."

[2, 3] If the action of the city manager of the city of Brownsville is arbitrary and unreasonable, the courts will review and control such action. City of Brenham v. Holle, 153 S. W. 345; Zucht v. San Antonio School Board, 170 S. W. 840. Appellee, objecting to consideration of this assignment, urges the law announced in Dunnagan v. Wingfield, 141 S. W. 288, that no appeal is allowed from an order made in vacation, granting a mandamus. The present case is before us on an appeal from an order granting a temporary injunction, and under these circumstances we must consider all the orders of the court presented for consideration. Turner v. Turner, 47 Tex. Civ. App. 392, 105 S. W. 237; Gulf Nat. Bk. v. Bass, 177 S. W. 1019; Swearingen v. Swearingen, 165 S. W. 16.

The trial court had jurisdiction to grant the mandamus if the action of the city manager was unreasonable. The second assignment is overruled.

The fourth assignment presents a question similar to that submitted in the second assignment, and the fourth is also overruled.

The fifth, eighth, ninth, and tenth assignments contend that the trial court erred in granting the temporary injunction and holding that the ordinance establishing the saloon district was void.

[4-6] It seems that the trial court found that the said ordinance was void for three reasons: Because the ordinance began with the words "Be it ordained by the city of Brownsville," instead of "Be it ordained by the council of the city of Brownsville"; because no penalty was enacted for the enforcement of the ordinance; and because the ordinance is unreasonable. The Legislature granted the charter under which the city of Brownsville operates; and section 3 of that charter expressly requires that the ordinances begin with the words "Be it ordained by the city of Brownsville." The court erred in its first reason for holding the ordinance void. The objection that no penalty was provided is without merit, and requires no discussion. The court was also in error in its conclusion that the ordinance was void because unreasonable. If all the facts recited in the petition in support of the allegation of unreasonableness were true, it cannot be said as a matter of law that they are sufficient to establish that the ordinance is unreasonable. Section 22 of the charter authorizes the city of Brownsville to provide for the establishment of districts or limits wherein saloons may be located, and authorizes the city to prohibit the location of saloons outside these established districts. The foregoing provision of the charter authorized the ordinance herein attacked. The fact that the district created for saloons has more residences than business houses, and the fact that the limits without the district contain more business houses than residences, do not warrant the legal conclusions that the ordinance is void.

Appellee relies upon the case of Cohen v. Rice, 101 S. W. 1052, to support the judgment that the ordinance is void because unreasonable. In that case the ordinance attacked was passed by the city of Marshall which received a special charter from the Legislature. Section 16 of article 11 of the charter of the city of Marshall was as follows:

"The city council shall have the power to prescribe by ordinance that no intoxicating liquors shall be sold or given away within the corporate limits of said city in any certain prescribed district in said corporation in which there are more residence than business houses, said districts to be accurately defined by said ordinance."

It will be observed that the Marshall charter itself requires that the prohibited district be a district containing more residence than business houses, and that the Brownsville charter contains no such requirement. The case of Cohen v. Rice, supra, is not applicable to the case at bar.

We are of the opinion that the facts pleaded are not sufficient to show that the ordinance is void because unreasonable, and it follows that the evidence also fails to prove it unreasonable. Austin v. Cemetery Association, 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114; City of Brenham v. Holle, 153 S. W. 345; M., K. & T. Ry. v. Matherly, 35 Tex. Civ. App. 604, 81 S. W. 589; H. & T. C. Ry. v. Dallas, 98 Tex. 396, 84 S. W. 648, 70 L. R. A. 850; Zucht v. San Antonio School Board, 170 S. W. 840.

The fifth, eighth, ninth, and tenth assignments are sustained.

The sixth and seventh assignments complain of the judgment because there was no evidence that appellee was a citizen of Texas, or that he had procured a permit from the state comptroller, or that he had been granted an order from the county judge for a license to pursue the business of a retail liquor dealer, and that there was no evidence that plaintiff had paid the license fee to the state of Texas and to the county of Cameron. The court found all the above facts in favor of appellee and there is evidence to support the court's findings. The sixth and seventh assignments are overruled.

The judgment granting temporary injunction is reversed, and the cause remanded.