## DAIRY REGION LAND CORPORATION v. HARDING et al. (No. 7207.) *

(Court of Civil Appeals of Texas. San Antonio. Oct. 29, 1924. Rehearing Denied Nov. 26, 1924.)

**1. Appeal and error ⬤⇒501(2) — Exception raising statute of limitations waived where not called to court's attention for ruling and exception preserved.**

Where record failed to disclose that general exception raising statute of limitations to cause of action in defendants' cross-action was called to court's attention for any ruling or that any exception was made or preserved to any ruling of court thereon, plea must be considered waived and will not be considered on appeal.

**2. Pleading ⬤⇒205(1), 207—"General demurrer" and "special demurrer" distinguished.**

A demurrer is "general" when no particular cause is alleged, and "special" when it seeks to point out particular imperfection insisted upon as a ground of demurrer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Demurrer; Special Demurrer.]

**3. Limitation of actions ⬤⇒183(1) — Pleading raising statute of limitations to defendant's cross-action held a special answer and not a special exception.**

Pleading raising statutes of limitations to defendant's cross-action *held* to be treated as a special answer or plea in bar, and not as a special exception, notwithstanding the words "plaintiff especially excepts to cross-action."

**4. Fraud ⬤⇒59(1)—Market value of each tract of land exchanged at time of sale and at time of suit should be proven.**

Where damages are claimed for fraud in exchange of property, market value of each separate tract sold, exchanged, and received by each party at time of sale as well as at time suit was brought should be proved.

Appeal from District Court, Willacy County; W. B. Hopkins, Judge.

Action by the Dairy Region Land Corporation against W. A. Harding and others, in

which defendants filed a cross-bill. Judgment for defendants on their cross-bill, and plaintiff appeals. Reversed and remanded.

Harry L. Faulk, of Brownsville, for appellant.

Graham, Jones, Williams & Ransome, of Brownsville, for appellees.

COBBS, J. This suit was brought by appellant against appellees to recover judgment on two certain promissory notes, each for the sum of $500, dated March 1, 1918, and due March 1, 1923, with interest coupon notes attached, representing interest due March 1, 1922, and March 1, 1923, on each note. Appellant is a nonresident corporation having its domicile in Duluth, Minn., engaged in the land business in that state, with George Rupley as its president, Henry McKeon, vice president, and George T. Cress, secretary and treasurer.

Appellees, among other things, answered and prayed by cross-bill, alleging that the consideration for the notes failed, due to the fraud perpetrated on appellees through the fraudulent representations of Henry McKeon, the agent of appellant, through whose fraud the appellees were induced to execute the notes, and by whose fraud appellees had been damaged in the sum of $6,000, and prayed for judgment and the cancellation of the notes. Answering the cross-action, and defensive matter set up and pleaded by appellees, appellant specifically denied that Henry McKeon was their agent, though not under oath, and averred that whatever rights were claimed by appellees in their cross-action were barred by the two and four years' statute of limitation.

The case was tried by the court without a jury. A. A. Lindahl was dismissed from the suit, and judgment was rendered in favor of appellees, on their cross-bill against appellant, in the sum of $3,160 and cancellation of the notes.

[1] The first assignment substantially is that the court erred in not rendering judgment in favor of appellant, because the cause of action, as set forth in appellees' cross-action, was barred by the statute of limitation. The statute of limitation was raised by due order of pleading, first by way of general exception, that the cause of action shown on the face of the pleading was barred, and then specially pleaded.

The record fails to disclose that the general exception was called to the attention of the court for any ruling, or that any objection was made or preserved to any ruling of the court thereon. It is well settled that a failure to let the record show that such pleading was called to the attention of the court for a ruling, and no exception preserved in the record thereto, the plea must be considered waived and will not be considered on appeal. It may be that the court failed to rule on the same, intending to dispose of all the questions of law in the final judgment.

The appellant further pleaded as follows:

"And without at all waiving the foregoing general demurrer, plaintiff especially excepts to the cross-action of defendants W. A. Harding and L. V. Harding, and says that the matters therein alleged to be true, which this plaintiff now especially denies, arose more than two years prior to the filing of said cross-action by the defendants, and is therefore barred by the statute of limitations of the state of Texas, applicable to such cases. And if not barred by the two-year statute of limitation, then this plaintiff alleges that said cause of cross-action, as alleged by the defendants, in their cross-action, arose more than four years prior to the filing of said cross-action, and is therefore barred by the four-year statute of limitations of the state of Texas."

It is the contention of appellees that this court cannot consider this plea either, because it, too, is a special exception which required the ruling of the court thereon in limine just as any other exception, and which the record must disclose was called to the court's attention, and that the exception to such ruling was preserved. Appellees' contention is based upon the use of the words in the plea that "plaintiff especially excepts to the cross-action," etc., which it is contended makes it an exception and not a plea in bar.

[2] If those words are to be made of controlling effect, then, of course, we must hold with appellees that it was a demurrer upon which no ruling of the court was invoked, and hence waived. A demurrer is "general" when no particular cause is alleged. It is "special" when it seeks to point out the particular imperfection insisted upon as a ground of demurrer. Warner v. Bailey, 7 Tex. 518. In this connection, if the pleading shows upon its face, clearly, that the cause of action is barred by the statute of limitation, it may be successfully raised by demurrer. It would require no other proof than the pleading itself to show its bar.

This pleading went further. It did not attempt to raise the defense upon the allegations set forth in the pleading as showing no cause of action stated as in the first ground of demurrer, but relied upon the other ground, and pleaded "that the matters therein alleged to be true, which this plaintiff now specially denies, arose more than two years prior to the filing of said cross-action by the defendants, and is therefore barred by the statute of limitation of the state of Texas, applicable to such cases," etc., which plea required proof. The case went to trial on this plea as an answer as well as upon other defenses, without any objection. Evidence was introduced to sustain it. The judgment of the court does not show any action of the court in disposing of any of the law questions, but says "all parties waived a jury and submitted all ques-

tions, both of law and of fact, to the court, and the court after hearing the evidence of the plaintiff" (the appellant here) proceeded to enter judgment against appellant. It is further recited, appellant "in open court excepted and gave notice of appeal therefrom."

From the language of this judgment it appears that no ruling was made on the defense of limitations set up by appellant, or otherwise, to the cross-action. Appellant excepted to the judgment and gave notice of appeal. Obviously appellant did not waive any of his defenses, because evidence was introduced on the limitation plea without objection, and to render the judgment it did the court must have found against the plea.

Under this plea, evidently, appellant did not intend to rely alone upon it as an exception, but intended to support that defense by testimony. The plea did not ask judgment on it as in cases of demurrers, but was supported by testimony outside the record.

[3] In considering this plea, it is apparent that appellant was somewhat careless in the use of his words; but under all the circumstances in this case it will be treated as a special answer, or plea in bar, and not as a special exception. At last, except from a very technical standpoint, what difference does it make whether you call it special exception or special answer, since the context shows it was intended to be and was used as a defense setting up the defense of limitation as a bar to any recovery, and supported by evidence which was introduced thereon, without objection.

[4] We do not think the correct rule for the measure of damages was applied in this case by competent testimony. The market value of each separate tract of land sold, exchanged, and received by each respective party at the time of sale, as well as at the time the suit was brought, should be proven.

These notes sued on grew out of a transaction wholly in the nature of the exchange of properties. There is no sufficient evidence as to the value of the property exchanged by the appellees. The evidence is lacking to show that the 320 acres of land conveyed to appellees by appellant were not equal to the representations made as to the value of the property parted with by appellant, nor evidence as to the value of the other land received by appellees. W. A. Harding testified:

"The deal as originally made was for 640 acres of land in St. Louis county, Minn., which he (Henry McKeon) represented to me was worth $12.50 an acre, or $8,000 for the section, and in exchange for that I traded him 100 acres of land two miles northeast of Raymondville, at $7,500."

There are circumstances upon which appellees rely and insist upon as sufficient proof of value, but they are unnecessary here to set out or discuss, because they do not form a true basis for the purpose of measuring any damages.

We do not think the evidence supports the judgment. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Liberto v. Sanders (Tex. Civ. App.) 248 S. W. 120; Id. (Tex. Com. App.) 259 S. W. 1080.

For the reasons given, we set aside the judgment of the trial court and remand the case for another trial.