## DAVIS v. BAKER.   (No. 2413.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 21, 1925. Rehearing Denied Feb. 25, 1925.)

**1. Appeal and error ⬅⮞799—Motion to dismiss appeal, because question involved has become moot, when controverted, overruled.**

Motion to dismiss appeal because question involved has become moot, where controverted by affidavits, will be overruled.

**2. Judgment ⬅⮞650—Where counsel agreed that there were sufficient facts for court to render judgment, decree conclusive on merits.**

Where counsel agreed that there were sufficient facts before the court on which to render proper judgment, decree perpetuating injunction *held* conclusive on merits of case.

**3. Appeal and error ⬅⮞494—Alleged error in overruling demurrers not reviewed where transcript contains no judgment on demurrers.**

Where transcript contains no judgment of court on general demurrers, alleged error in overruling them is not reviewable, there being no authentic record that they were passed upon.

---

⬅⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ⬤—193(9)—Sufficiency of petition may be raised for first time on appeal.**

Petition must sufficiently state cause of action to support judgment on merits, and sufficiency of petition to sustain decree may be raised for first time on appeal.

**5. Injunction ⬤—118(1)—Petition for injunction held to state cause of action.**

Petition for injunction to restrain entry to gather or pick cotton on certain land *held* to state cause of action.

**6. Courts ⬤—163—Jurisdiction to restrain entry of land and picking cotton thereon, in county court.**

County court *held* to have jurisdiction, as defined by Const. art. 5, § 16, to enjoin plaintiff's former farm hand from entering land and picking cotton thereon, there being no question of title to land nor relationship of landlord and tenant.

On Motion to File Motion for Rehearing After Time.

**7. Appeal and error ⬤—833(3)—Failure to file motion for rehearing on time, not excused.**

Where attorneys received due notice of disposition of case, but partner handling it was called from town, and partial motion for rehearing which he forwarded to his office to be completed and filed was lost in mail, *held*, that sufficient cause for failure to file motion for rehearing on time was not shown.

Appeal from Motley County Court; .C. L. Glenn, Judge.

Suit by J. W. Baker against N. W. Davis. From an order making a temporary injunction permanent, defendant appeals. Affirmed.

Mathews & Overson, of Floydada, for appellant.

T. J. Sanders, of Matador, for appellee.

JACKSON, J. Appellee filed his petition on September 29, 1924, in the county court of Motley county, praying for an injunction restraining appellant from entering upon, for the purpose of gathering, picking, or in any way interfering with appellee in gathering and picking the cotton on a certain 20 acres of land situated on premises held by appellee as tenant.

Appellee alleged in his petition as grounds for an injunction that he and appellant had, about the 1st of March, 1924, made an oral contract by the terms of which appellant was to assist in doing the chores about the house and farm, and as a regular hand, to do any and everything to be done in raising and gathering the crop on said rented premises for the year 1924; that as compensation for such services, it was agreed that appellee would pay appellant all that was made from said 20 acres of land on said rented premises after the rent, expenses of ginning, picking,

and other incidental expenses had been deducted from the proceeds of the cotton grown on said 20 acres; that in pursuance of said agreement appellant entered upon his duties and worked from March 1st to August 1st, 1924 in a satisfactory way, after which he failed and refused to continue in such employment, and to do the work of a farm hand, and thereby breached his contract; that said crop was neither matured nor gathered, and appellant's compensation was not due, but that he was threatening to enter upon the premises and gather the cotton on said 20 acres and convert the value thereof to his own use and benefit without paying for any picking theretofore done or to be done, and without settling with the landlord for the rent; that appellee was liable to the landlord for one-fourth of the value of the entire cotton crop grown on said 20 acres, which amounted to $250; that appellant is without any means or property, and unless restrained he would gather and dispose of the cotton, convert the proceeds to his own use and benefit, and appellee would be irreparably injured in the sum of $250.

A temporary restraining order was issued as prayed for, and at the regular October term of the county court thereafter, on the 17th day of said month, appellant answered by general demurrer, special exceptions, and a denial of the equities of appellee's bill. The cause was submitted to the court, and the temporary injunction made permanent.

[1, 2] Appellee has filed a verified motion to dismiss the appeal, because the question involved has become moot, but as this motion is controverted by affidavits furnished by appellant, the motion is overruled. There is no statement of facts in the record, but the judgment recites that counsel agreed before the court that there were sufficient facts before the court for him to render the proper judgment, therefore the decree perpetuating the injunction is conclusive on the merits of the case.

[3] Appellant, by assignments, presents as error the action of the trial court in overruling the demurrers leveled at appellee's petition, but the transcript contains no judgment of the court upon the demurrers. The transcript shows what purports to be appellant's exception to the ruling of the court upon the demurrers, and his exception to perpetuating the temporary injunction, but said exceptions are not signed or approved by the trial judge, and not authenticated (Oliver v. Scott [Tex. Civ. App.] 255 S. W. 503), and there being no judgment of the court in the transcript on said demurrers, there is no authentic record, before this court that such demurrers were ever presented to or passed upon by the trial court, for which reason such alleged error will not be reviewed. Duenkel v. Amarillo Bank & Trust Co. (Tex. Civ. App.) 222 S. W. 670; Allen v. Reed (Tex. Civ. App.) 179 S. W.

⬤—For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

544; Anderson v. Gammon (Tex. Civ. App.) 189 S. W. 798; Dairy Region Land Corporation v. Harding et al. (Tex. Civ. App.) 266 S. W. 181.

[4, 5] In order to support a judgment on the merits, the petition must sufficiently state a cause of action to support a judgment, and the sufficiency of the petition to sustain the decree is a question of fundamental error, and may be raised for the first time in the appellate court. Western Union Telegraph Co. v. Hidalgo (Tex. Civ. App.) 99 S. W. 426; Pierce-Fordyce Oil Ass'n. v. Woods et al. (Tex. Civ. App.) 180 S. W. 1181. We have carefully examined the petition of appellee, and in our opinion it is sufficient to uphold the judgment.

[6] The appellant challenges the jurisdiction of the county court to issue the temporary injunction and make it permanent on final hearing. Section 16, art. 5 of the Constitution of the state of Texas defines the jurisdiction of county courts, and, among other provisions, contains the following:

County courts "shall have exclusive jurisdiction in all civil cases when, the matter in controversy shall exceed in value two hundred dollars, and not exceed five hundred dollars, exclusive of interest; and concurrent jurisdiction with the district court when the matter in controversy shall exceed five thousand dollars, and not exceed one thousand dollars, exclusive of interest; but shall not have jurisdiction of suits for the recovery of land"; and has "power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court."

The appellee in this case claimed possession of the land only by virtue of his lease contract with the landlord for the year 1924, and the facts alleged in his petition show that appellant had been employed by him as a farm hand, and therefore neither the question of title to the land, nor the right of possession thereof was involved in this suit, for the reason that appellee did not claim title, and the relation of landlord and tenant did not exist between appellee and appellant. The subject-matter of the controvery under the allegations of the petition was personal property. Roberts et al. v. Armstrong (Tex.

Com. App.) 231 S. W. 371; City of Victoria v. Schott, 9 Tex. Civ. App. 332, 29 S. W. 681, and we therefore conclude that the county court had jurisdiction. Lazarus v. Swafford, 15 Tex. Civ. App. 367, 39 S. W. 389; Jones et al. v. Dodd (Tex. Civ. App.) 192 S. W. 1134; Tomlin v. Clay (Tex. Civ. App.) 167 S. W. 204; City of Brownsville et al. v. Fernandez (Tex. Civ. App.) 202 S. W. 112.

The judgment is affirmed.

#### On Motion to File Motion for Rehearing After Time.

Judgment in this case was rendered in this court on January 21, 1925, and on February 9th thereafter, appellant, by motion, requests permission to be allowed to file a motion for rehearing.

[7] It is admitted that Mathews & Overson, attorneys for appellant, duly received notice in their law office of the disposition of the case in this court, but that Mr. Overson was absent at the time said notice reached the office on business, and on his return, one week after the judgment in this court had been rendered, he was called to Eastland county, and left for that place the next morning; that on Monday after leaving for Eastland county on the preceding Thursday, he learned that it was impossible for him to return to his office to prepare a motion for rehearing; that he prepared a partial motion and forwarded to his partner at Floydada, to which place he returned February 6th, and learned shortly thereafter that his partial motion had not been received at the office and completed and forwarded to the clerk of this court.

No reason appears in the motion before us why Mr. Overson's partner failed to file a motion for rehearing, except that Mr. Overson was giving his personal attention to the case. The only reason given by Mr. Overson for failing to file a motion on time is his other engagements.

In our opinion sufficient cause is not shown for failing to file the motion on time. Alley v. Bessemer Gas Engine Co. (Tex. Civ. App.) 228 S. W. 967, and authorities there cited.

The motion is overruled.