GALLEY v. HEDRICK.

No. 5008.

Court of Civil Appeals of Texas. Amarillo.

March 21, 1939.

Rehearing Denied May 8, 1939.

Carl Gilliland and James C. Gilliland, both of Hereford, for appellant.

Ben P. Monning, of Amarillo, and Henry D. Akin, of Dallas, for appellee.

STOKES, Justice.

Appellant, Walter R. Galley, filed this suit in the county court, alleging he was in possession of 320 acres of land in Deaf Smith County under a contract of tenancy with J. C. Ricketts, administrator de bonis non of the estate of D. F. Ashbrook, deceased. He alleged that he rented the land from Ricketts under an order of the probate court entered on the 26th of March, 1938, and that under the contract of rental he was to, and did, plant certain portions of the land in wheat, oats and grain sorghums, the rental to be one-third of all grain grown thereon.

He alleged that after entering into the contract and taking possession of the land, and after he had planted the oats, appellee, Dewey O. Hedrick, turned his horses and cattle onto the lands, including that portion which he had planted in oats, greatly injuring and damaging the same; and that he was threatening to continue such depredations and would do so, to appellant's irreparable injury and damage in the sum of $750, unless restrained by a writ of injunction. He alleged that appellee was insolvent; that he had no adequate remedy at law, and prayed for a temporary restraining order and that upon final hearing he have a permanent injunction, restraining appellee from turning his livestock upon the rented premises and from interfering with him in his possession and use thereof.

The petition was heard at chambers by the county judge and a temporary writ was ordered to issue as prayed for in the petition.

Appellee answered by general demurrer, general denial and specially denied that the estate of D. F. Ashbrook, deceased, owned the land. He alleged that the premises belonged to Lizzie B. Ashbrook and that the title had been adjudicated in cause No. 2362 in the District Court of Deaf Smith County, styled Alliance Life Insurance Company v. Lizzie B. Ashbrook, et al., in which J. C. Ricketts, administrator de bonis non, was a defendant, and in which the court rendered judgment vesting the title in the Methodist Episcopal Church of Spickardville, Missouri, under the will of D. F. Ashbrook, deceased, free and clear from any claim of his estate, and that the church had conveyed the property to Lizzie B. Ashbrook. Appellee further alleged that he was rightfully in possession of the land under a contract of rental from Lizzie B. Ashbrook and that appellant had wrongfully dispossessed him and his employee from one of the houses on the premises. He alleged that he was claiming the land under his rental contract and that, if appellant had plowed any of the land, planted any crops thereon, or performed other work preparatory to planting crops, he

did so with full knowledge of the fact that he had no right to do so, and no right to possession of the premises and after appellee had notified him of the true status of the leasehold estate.

The case was tried by the court without the intervention of a jury on the 13th of May, 1938, upon the answer and motion of appellee to dissolve the temporary writ of injunction and his plea to the jurisdiction of the court. The judgment recites that the parties appeared and announced ready for trial and that: "It appearing to the court, after having heard the pleadings and the argument of counsel and in connection therewith the judgment in cause No. 2362 in the District Court of Deaf Smith County, Texas, styled Alliance Life Insurance Company vs. Lizzie B. Ashbrook, et al., which is referred to and made a part of defendant's pleadings, that this suit directly involves the title and possession of the W. H. Hunt and M. H. Cahill preemptions, located in Deaf Smith County, Texas, each containing 160 acres of land, being the same land involved in said district court suit, of which this court does not have and should not assume jurisdiction, and that the temporary writ of injunction issued herein should be dissolved and this cause should be dismissed."

The judgment then proceeds to dissolve the injunction and dismiss the case at the cost of appellant and the sureties on his injunction bond.

Appellant duly excepted to the judgment, gave notice of appeal, and presents the case in this court on a number of assignments of error in which he contends that the trial court erred in dissolving the injunction and dismissing the case, first, because the petition stated a cause of action that was within the jurisdiction of the court; secondly, because the allegations of both parties showed that possession only of the premises was involved and not the title to the land, and, thirdly, that if the title to the land is involved at all, it is only in an incidental manner.

◼ If the petition alone is considered, the county court had jurisdiction to determine the issues raised by it. Appellee alleged he had rented the premises, plowed a considerable portion of the land preparatory to planting thereon the crops he was obligated under the contract of rental to plant and had planted a considerable portion of the premises in oats. The substance of his allegations is that, while he was in peaceable possession of the premises, occupying the same under a contract of rental, and in possession of all existing rights to occupy and cultivate the same, the appellee, without any right whatever, turned his livestock upon the land which appellant had prepared for his crops and upon the field of oats which he had planted. He alleged that the livestock would greatly damage his crops and the land he had prepared for planting other crops in an amount within the jurisdiction of the court and that appellee was insolvent and appellant had no adequate remedy at law. These allegations, standing alone, were sufficient to give the county court jurisdiction and to grant the injunction prayed for. Davis v. Baker, Tex.Civ.App., 268 S.W. 766. City of Victoria v. Schott, 9 Tex.Civ.App. 332, 29 S.W. 681.

◼ While there is no statement of facts nor findings of fact by the trial court accompanying the record, the judgment rendered by the court shows that at the hearing the judgment in Cause No. 2362 in the district court was before the trial judge and that it directly involved the title and possession of the land which constitutes the basis of the controversy here. The judgment in Cause No. 2362 is not shown in the record and in the absence of a statement of facts or findings of the trial court, we must assume that it was sufficient to adjudicate both the title and right of possession of the premises. We must further assume that it was such a judgment as was supported by the pleadings of appellee in this case which were to the effect that J. C. Ricketts, administrator de bonis non of the estate of D. F. Ashbrook, deceased, was decreed to have no right, title or interest in the land. Appellant was the tenant of the administrator and appellee alleged he was the tenant of Lizzie B. Ashbrook, to whom we must assume from the record before us the title to the land was decreed by the district court in Cause No. 2362.

◼ It has long been the established law in this state that in adjudicating questions of jurisdiction, courts are not bound by the allegations of the plaintiff's petition. The rule is that, in the trial of a case, if at any time during its progress it becomes apparent that the court has no authority under the law to adjudicate the issues presented, it becomes the duty of the court to dismiss it. Under our sys-

tem of jurisprudence the rule could not be otherwise because the judgment rendered by a court in a controversy over which the court does not have jurisdiction is a nullity. If, therefore, after it appears to the court at some stage of the proceeding that he does not have jurisdiction of the subject matter, he should nevertheless proceed to final judgment, it is obvious the time and effort would be squandered and no purpose whatever would be subserved. Able et al. v. Bloomfield, 6 Tex. 263; Snyder v. Wiley et al., 59 Tex. 448; Watson v. Baker, 67 Tex. 48, 2 S.W. 375; Treaccar v. City of Galveston, Tex.Civ. App., 28 S.W.2d 887.

██ Under appellant's second and third contentions the issue is presented as to whether or not the title to the land was involved in such manner as that the county court did not have jurisdiction to try the case. As we have shown, appellant was claiming the land under a contract of rental which he claimed to hold from the administrator de bonis non of the estate of D. F. Ashbrook, deceased, while appellee was claiming it under a contract of tenancy which he claimed to hold from Lizzie B. Ashbrook, the party to whom the title was decreed in the district court case. The substance of these claims under the law was that each of the parties, in consideration of a stipulated rental, was the purchaser of a leasehold estate in the premises and that during its existence each was as clearly entitled to the possession of the premises as he would have been if he had purchased the fee simple title to the land. Wheatley v. Kollaer, 63 Tex.Civ.App. 459, 133 S.W. 903. It is no doubt true that the county court has jurisdiction to try controversies in which the ownership or title to land is incidentally involved. Many cases may be cited in which it has been held by our courts that the incidental involvement of the title to land does not deprive the county court of jurisdiction to try cases otherwise cognizable in such courts. The case of Springer v. Collins et al., Tex.Civ.App., 108 S.W. 758, is such a case. There the plaintiff brought suit to recover $250, the alleged value of certain timber cut and removed by appellee from the land and to enjoin the appellee from taking and appropriating other timber standing on the land alleged to be worth $250. It was held, in effect, that appellant in no sense sought to recover the timber growing on the land, but that the court having power to determine the right to recover the value of the timber alleged to have been taken and to prevent the taking of that which still remained, could decide questions of law and fact concerning the title to the land upon which depended its determination in reference to the timber. The title came incidentally into the case and had to be decided, but in doing so no adjudication nor right to recover it could be had in the county court.

To the same effect is the case of Davis v. Baker, Tex.Civ.App., 268 S.W. 766, where a hired hand returned after abandoning his employment and was attempting to gather the crops on twenty acres of land which had been promised him as consideration for his year's work.

██ We know of no case, however, which holds that, in the county court, title to land may be vested or divested or possession thereof awarded and writs issued for the enforcement of the court's decrees. The record shows that in the progress of the trial, the conflicting claims of the parties appeared. It developed that each was claiming to own a leasehold estate in the premises involved and to proceed to final judgment one or the other of the parties would necessarily have been divested of his claim to the land which, insofar as the adjudication is concerned, carried with it all the dignity of a claim of ownership of the fee simple title in the land. Obviously, the county court did not have jurisdiction to decide that question. Dauenhauer v. Devine, 51 Tex. 480, 32 Am.Rep. 627; Coy v. Rowland, Tex.Civ. App., 164 S.W. 14; Hinojosa v. Corona et al., Tex.Civ.App., 254 S.W. 1116; Henslee v. Boyd, 48 Tex.Civ.App. 494, 107 S.W. 128.

The Dauenhauer case, supra, involved a party wall contract in which Dauenhauer had agreed he would not place a window above the premises of the appellee. In building a third story to his building he violated that portion of the contract and Devine sought an injunction in the district court. The Supreme Court, in discussing the jurisdiction of the district court, held that the nature of the suit, the injury complained of, the relief sought, and the title and possession of the land were so far involved as to make the case one for the district court, independent of the amount of the injury alleged.

In the Hinojosa case, supra, the appellees, consisting of twenty-four persons, sought and obtained in the county court a writ of injunction, restraining the appellant from interfering with them in their access to, and free use and enjoyment of, the waters of a certain creek. Chief Justice Fly, speaking for the Court of Civil Appeals at San Antonio, held, in effect, that the basis of the claim was that appellees had some right, title or interest in the waters of the creek and that it was alleged and necessarily had to be proved they and appellant were owners in common and seized and possessed of the land. It was held that inasmuch as the title to the land was involved the county court did not have jurisdiction to try the case.

Our conclusion is that upon the filing of appellee's answer and the presentation of the evidence, the trial court could not have decided otherwise than that the title and possession of the described land was directly involved and that no final judgment could have been rendered in the case that would not have had the effect of divesting one of the parties to the suit of the title and possession of the premises and vesting the same in the other. These are matters over which the county court does not have jurisdiction. Const. Art. 5, Sec. 16, Vernon's Ann.St.; Art. 1951, Revised Statutes, 1925.

We have examined all of the assignments of error and propositions presented by appellant, and believing that no error is revealed, the judgment of the court below will be affirmed.