Opinion issued May 13,
2010

 

 



 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

________________

 

NO. 01-09-00151-CV

________________

 



RAMONA BLACK, Appellant

 

V.

 

WASHINGTON MUTUAL BANK, SERVICING AGENT,
Appellee 

 

 



On Appeal from the County Civil Court at
Law #3

Harris County, Texas

Trial Court Cause No. 932432

 

 



O P I N I O N

Appellee,
Washington Mutual Bank (“Washington Mutual”), brought a forcible detainer
action in justice court seeking possession of property located at 15921 Stone
Oak Estates Court, Cypress, Texas (“property”). 
The justice court issued a judgment in favor of the defendant, the occupant
of the property, Ramona Black, denying Washington Mutual possession of the
property.  On de novo review in County
Civil Court of Law Number 3, Washington Mutual received a writ of possession in
its favor.  

In
her single issue on appeal, Black argues that the justice court and the county
court of law lacked subject-matter jurisdiction to decide the issue of
immediate possession because the issue necessarily required the determination
of ownership of the property, which was outside the courts’ jurisdiction.  We affirm.

BACKGROUND

          Jon Lundy was the title owner of the
property.  On September 29, 2006, Lundy executed
a deed of trust for the benefit of lien holder, Washington Mutual, to secure a
note for a principal amount of $1,040,000. 
Pursuant to the agreement, Lundy was to make monthly payments on the
lien.

On
November 16, 2006, Lundy conveyed the property by quitclaim deed to Black.  Black testified that in exchange for the
quitclaim deed, she paid Lundy a down payment of $100,000 and monthly payments
of $8,500.  Black testified that she was
not aware that there was a lien on the property.  About a year after entering into the
agreement to purchase the property, Black received a phone call from Lundy
telling her that he “need[ed] to do something with the lender or bank” and “he
needed [her] to go and release the property but he would give it back to [her].”  Black signed the deed giving the property
back to Lundy.  Lundy did not transfer
the property back to Black, and Black never heard from Lundy again.  

          After Lundy’s purported default on the
note, Washington Mutual foreclosed on the property.  Pursuant to the deed of trust securing the
note, a substitute trustee was appointed to sell the property.  Black testified that she received notice of
the foreclosure.  On November 4, 2008,
the property was sold to Washington Mutual for $1,262,706.20.  On November 11, 2008, Washington Mutual notified
the occupants of the property that it had acquired title at the foreclosure
sale, that any occupants were tenants-at-sufferance pursuant to the deed of
trust originally signed by Lundy, and that it intended to obtain possession by
a forcible detainer suit.  

SUBJECT-MATTER JURISDICTION

In
her sole issue, Black argues the justice and county courts lacked subject-matter
jurisdiction over the suit because resolution of the issue of the right to
immediate possession necessarily required determination of the title to the
property.

A.      Standard
of Review

Whether
a court has subject-matter jurisdiction is a question of law, subject to de
novo review.  Graber v. Furqua, 279 S.W.3d 608, 631 (Tex. 2009), cert. denied, 130 S. Ct. 288 (2009)
(citing Tex. Dep’t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998)).  Subject-matter jurisdiction is fundamental
and may be raised for the first time on appeal.  Tex. Assoc.
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993).             

B.      Applicable
Law

A justice court in the precinct in
which real property is located has jurisdiction over a forcible detainer suit.  See Tex. Prop. Code Ann. § 24.004 (Vernon
2000); Tex. Gov’t Code Ann. §
27.031(a)(2) (Vernon Supp. 2009).  The
sole issue to be determined in a forcible detainer action is the entitlement to
actual and immediate possession, and the merits of the title shall not be
adjudicated.  Hong Kong Dev., Inc. v.
Nguyen, 229 S.W.3d
415, 434 (Tex. App.—Houston [1st Dist.] 2007, no pet.); Dass, Inc. v. Smith, 206 S.W.3d 197, 200
(Tex. App.—Dallas 2006, no pet.).  A justice court is expressly deprived
of jurisdiction to determine or adjudicate title to land.  See Tex. Gov’t Code Ann. § 27.031(b).

A forcible detainer suit may be appealed
to the county court for a de novo review. 
Tex. R. Civ. P. 749; Hong Kong, 229 S.W.3d at 433–34.  The appellate jurisdiction of the county
court is confined to the jurisdictional limits of the justice court.  Hong
Kong, 229 S.W.3d at 434. 
Accordingly, when a county court conducts a de novo review of a forcible
detainer action, the court is restricted to the jurisdictional limits that
existed in the justice court, regardless of other statutory grants of
jurisdiction to the county court.[1]

Although a justice court has
subject-matter jurisdiction over a forcible detainer action, the justice court,
and a county court on appeal, lack jurisdiction to resolve any questions of
title beyond the immediate right to possession. 
See Merit Mgmt. Partners I, L.P. v.
Noelke, 266 S.W.3d 637, 643 (Tex. App.—Austin 2008, no pet.).  On the other hand, a justice court is not deprived of
jurisdiction merely by the existence of a title dispute; rather, it is only
deprived of jurisdiction if the right to immediate possession necessarily
requires the resolution of a title dispute. 
Rice v.
Pinney, 51 S.W.3d 705, 712 (Tex. App.—Dallas 2001, no
pet).  Courts have specifically addressed
whether a justice court has jurisdiction over a forcible detainer suit where
the case also involves a dispute over a trustee’s deed conveying property
purchased at a foreclosure sale.  Courts
have explained: 

“[A] judgment of possession in a forcible detainer
action is a determination only of the
right to immediate possession of the premises, and does not determine the
ultimate rights of the parties to any other issue in controversy relating to
the realty in question.  . . . [Parties]
have the right to sue in the district court to determine whether the trustee’s
deed should be cancelled, independent of [the]
award of possession of the premises in the forcible detainer action[.]

 

Id. at 710
(quoting Martinez v. Beasley, 572
S.W.2d 83, 85 (Tex. Civ. App.—Corpus Christi 1978, no writ.)) (emphasis in
original).  “To prevail
in a forcible detainer action, a plaintiff is not required to prove title, but
is only required to show sufficient evidence of ownership to demonstrate a
superior right to immediate possession.” 
Id. at 709.  The Rice court held
that there was an “independent basis on which the trial court could determine
the issue of immediate possession without resolving the issue of title to the
property,” where a deed of trust established a landlord and tenant-at-sufferance
relationship between the purchaser at the foreclosure sale and the previous
owners or those holding under them.  Id. at 712. 

In
determining whether a lawsuit involves the adjudication of title, we are not
limited to the plaintiff’s framing of the causes of action in his pleadings
but, instead, look to the “gist” of the case after reviewing the plaintiff’s
pleadings, the answer, and the presentation of evidence.  Merit Mgmt.,
266 S.W.3d at 647 (citing Galley v.
Hedrick, 127 S.W.2d 978, 982 (Tex. Civ. App.—Amarillo 1939, no writ)).

C.      Analysis

Here,
the claim of right to immediate possession was based on Washington Mutual’s
purchase of the property at a foreclosure sale. 
The foreclosure was based on Lundy’s default on a note secured by a deed
of trust on the property in question. 
The Deed of Trust executed pursuant to the lien agreement provides:

If the property is sold
pursuant to [a power of sale after acceleration following default], Borrower or
any person holding possession of the Property through Borrower shall
immediately surrender possession of the Property to the purchaser at that
sale.  If possession is not surrendered, Borrower or such person shall be a tenant at
sufferance and may be removed by writ of possession.

 

(Emphasis
added.)

          As in Rice, the terms of the deed of trust expressly create a landlord
and tenant-at-sufferance relationship between Black (the person holding
possession through the borrower) and Washington Mutual.  See
Rice, 51 S.W.3d at 712.  Like Rice, the court had evidence before it,
including the deed of trust, the substitute trustee’s foreclosure sale deed,
and related documents establishing default on the note, a notice of eviction,
the foreclosure pursuant to the deed of trust, and the sale of the property to
Washington Mutual.[2]  See id.
at 711.  Based on this evidence, it was
unnecessary for the trial court to determine the issue of title to the
property.  See id.  The trial court
merely determined that Washington Mutual was entitled to immediate possession,
as grantee in the trustee’s deed.  Id. 

          Black argues that the granting of a
quitclaim deed from Lundy granted her “equitable title” and a greater right of
possession than Washington Mutual. 
However, a quitclaim deed, by its very nature, only transfers the grantor’s
right in that property, if any, without warranting or professing that the title
is valid.  Geodyne Energy Income Prod. P’ship I-E v. Newton Corp., 161 S.W.3d
482, 486 n.12 (Tex. 2005).  Thus, Black
took the property subject to the terms of the deed of trust, which allow
foreclosure.  Further, Black admitted at
trial that she did not have title at the time of sale because she conveyed her
interest back to Lundy.  Black fails to
include in her analysis how her conveyance of the property back to Lundy
affected her claimed “equitable title.”  While
Black may seek recourse against Lundy independent of the forcible detainer suit,[3] her
argument has no bearing on the determination of immediate right of possession.

Accordingly,
the justice court, and the county court on appeal, had subject-matter
jurisdiction to determine the right to immediate possession of the
property.  We overrule Black’s sole
issue.

CONCLUSION

          We
affirm the judgment of the county court at law.

 

 

 

 

                                                          George
C. Hanks, Jr.

                                                          Justice

 

Panel consists of Justices Keyes, Hanks, and Higley.











[1]
             For
instance, the Government Code statutorily provides county courts of law in
Harris County with jurisdiction to decide the issue of title to real
property.  Tex. Gov’t Code Ann. § 25.1032(c)(1) (Vernon 2004).  However, when exercising its appellate jurisdiction
over a civil case from justice court, the county courts of law are limited to
the jurisdiction of the justice court.  See Hong Kong, 229 S.W.3d at 434.  





[2]
             Black
argues that the justice court, or county court on appeal, cannot rely on
Washington Mutual’s warranty deed alone to determine who is entitled to
immediate possession.  However, Black
misrepresents the record to the extent that she asserts that the warranty deed
was the sole piece of evidence supporting the right to possession.





[3]
             “Forcible
detainer actions are cumulative of any other remedy that a party may have in
the courts of this state.”  Salaymeh v. Plaza Centro, L.L.C., 264
S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Scott v. Hewitt, 90 S.W.2d 816, 818–19 (Tex.
1936)).